## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

MICHIGAN HEALTH CLINICS, P.C.

      Plaintiff,

v.

WASIM NASIR, et al,

      Defendants.

Case No. 1:26-cv-11557-MAG-PTM

Hon. Mark A. Goldsmith
Magistrate Judge Patricia T. Morris

---

## MOTION TO REMAND
## AND REQUEST TO SET MOTION FOR HEARING
## AS SOON AS PRACTICABLE

NOW COMES Defendant/Third-Party Plaintiff Dr. Wasim Nasir by and through his attorneys, Brooks, Wilkins, Sharkey, & Tuco, PLLC, and in response to Third-Party Defendant, David Stockman M.D.'s, removal, moves under 28 U.S.C. § 1447 for immediate remand to the Genesee County Circuit Court. In support, Dr. Nasir states:

1.    This action originated in the Genessee County Circuit Court on May 12, 2023, when Plaintiff Michigan Health Clinics, P.C. ("MHC"), owned and controlled by Dr. David Stockman, filed a Complaint against Defendants Dr. Nasir and Dermatology and Cosmetic Center, P.L.L.C. (Ex. 1, Complaint)

2. The Complaint alleged state law claims, including breach of an employment contract. The Plaintiffs and Defendants were all citizens of Michigan.

3. On June 20, 2023, Dr. Nasir filed a Third-Party Complaint against Dr. Stockman, another Michigan citizen. (Ex. 2, Third-Party Complaint)

4. A judgment was entered against Dr. Stockman and a final order was entered on May 23, 2025. (Ex. 3, Order)

5. To delay collection, Dr. Stockman filed this improper removal.

6. Remand is immediately required, as it is "well-settled that third-party defendants (i.e., those joined by defendant, rather than by plaintiff) cannot remove actions to federal court." *Life Skills Village, PLLC v. Auto-Owners Ins Co*, 16 F. Supp. 3d 872 (E.D. Mich., 2014)

7. Dr. Stockman claims the removal is appropriate because he was never served with the Third-Party Complaint and the Genessee Circuit Court lacked jurisdiction. He is wrong.

8. Dr. Stockman was served with the Third-Party Complaint, confirmed by the acknowledgement executed by his attorney, Mark Merlanti, on June 20, 2023. (Ex. 4, Acknowledgment). Dr. Stockman answered the Third-Party Complaint on July 14, 2023.

9.    The removal fails for three independent bases: (1) removal by a Third-Party Defendant is improper; (2) even if proper, it is untimely; and (3) the Court otherwise lacks subject matter jurisdiction.

10.    First, it is "well-settled that third-party defendants (i.e., those joined by defendant, rather than by plaintiff) cannot remove actions to federal court." *Life Skills Village, PLLC v. Auto-Owners Ins Co*, 16 F. Supp. 3d 872 (E.D. Mich., 2014).

11.    Second, the removal was not filed within 30 days of Dr. Stockman's receipt of the Third-Party Complaint, i.e. within 30 days of service on June 20, 2023. The general removal statute, 28 U.S.C. § 1446(b), requires a notice of removal to be filed within 30 days after service or receipt of the initial pleading.

12.    And third, the removal lacks a federal question or diversity. All parties are citizens of Michigan and there are no federal questions. 28 U.S.C. § 1447(c).

13.    This removal is at least Dr. Stockman's *fifth* improper removal of cases to this federal court. See e.g. U.S. District Court Case No. 25-CV-11865-TLL-PTM (Remand by Judge Ludington on August 5, 2025 for lack of subject matter diversity or diversity); *Bush v. Stockman*, Case No. 25-CV-12659-GAD-PTM (E.D. Mich., 2025) (Remanded by Judge Drain on 9/30/2025 for second improper removal that lacked federal question or diversity, holding also that if Dr. Stockman "continues to improperly remove the state court action to this Court, he will be declared a

harassing and vexatious litigant subject to significant prefiling restrictions and monetary penalties.") (Ex. 5, Order, ECF No. 33, PageID.1031); and *Sensus Healthcare, Inc v. Michigan Health Clinics, PC*, No. 25-13515, 2026 WL 1283762 (E.D. Mich., May 8, 2026) (Remand by Judge Behm on 5/8/2026 of Dr. David Stockman's notice of removal from state court filed on behalf of MHC and holding that "Defendant lacked an objectively reasonable basis for the removal because Dr. Stockman impermissibly removed the matter pro se on behalf of corporation.") (Ex. 6, Order, 2026 WL 1283762 (E.D. Mich., May 8, 2026).

14.   Dr. Nasir is entitled to fees and costs because the removal lacked an objectively reasonable basis. 28 U.S.C. § 1447(c).

WHEREFORE, Dr. Nasir respectfully requests that the Court: (a) grant this Motion; (b) remand this action to the Genesee County Circuit Court; (c) award just costs and actual expenses, including attorney fees; and (d) grant such other and further relief as is just and proper.

**BRIEF IN SUPPORT OF MOTION TO REMAND
AND REQUEST TO SET MOTION FOR HEARING
AS SOON AS PRACTICABLE**

**INTRODUCTION**

Third-Party Defendant Dr. Stockman improperly removed this breach of contract action. It is "well-settled that third-party defendants (i.e., those joined by defendant, rather than by plaintiff) cannot remove actions to federal court." *Life Skills Village, PLLC v. Auto-Owners Ins Co*, 16 F. Supp. 3d 872 (E.D. Mich., 2014). In addition, the removal was untimely under 28 U.S.C. § 1446(b), as it was not filed within 30 days of Dr. Stockman's receipt of the Third-Party Complaint. And this Court otherwise lacks subject matter jurisdiction under 28 U.S.C. § 1447(c).

Not only should this matter be remanded, but Dr. Nasir is entitled to attorney fees and costs under 28 U.S.C. § 1447(c). Dr. Stockman filed this, and several other removals, without a reasonable basis. Dr. Stockman has been sanctioned in several other matters. See e.g. *Bush v. Stockman*, Case No. 25-CV-12659-GAD-PTM (E.D. Mich., 2025) (Ex. 5, Order, ECF No. 33, PageID.1031); *Sensus Healthcare, Inc v. Michigan Health Clinics, PC*, No. 25-13515, 2026 WL 1283762 (E.D. Mich., May 8, 2026) (Ex. 6, Order, 2026 WL 1283762 (E.D. Mich., May 8, 2026).

For these reasons, and the reasons set forth in greater detail below, this action must be remanded to State Court.

## STATEMENT OF PERTINENT FACTS

Dr. David Stockman ("Dr. Stockman") lured Dr. Wasim Nasir, M.D., ("Dr. Nasir") to work as a part time dermatologist at Dr. Stockman's clinic, Michigan Health Clinic, P.C. ("MHC"). (Ex. 2, Third-Party Complaint). MHC failed to pay Dr. Nasir's wages, despite its obligations in the Employment Agreement. *Id.* Dr. Nasir resigned effective January 19, 2023. *Id.* MHC filed a lawsuit in the Genesse County Circuit Court alleging that it was owed $4,458 for wage overpayments, which was ultimately dismissed. (Ex. 1, Complaint).

On June 21, 2023, Dr. Nasir filed a four-count counter-complaint alleging one count of breach of contract, one count of breach of employment agreement, one count of non-payment of wages, and one count of accounting. (Ex. 2). After numerous delays due to Dr. Stockman's change in attorneys, and his failure to provide discovery, a default judgment was ordered by the Court against MHC and Dr. Stockman in favor of Dr. Nasir on February 10, 2025. (Ex. 3, 05/25/2023 Final Order).

Dr. Stockman now falsely contends that the state court never acquired personal jurisdiction over him for lack of service. Specifically, Dr. Stockman argues he "was **never served** with the Third-Party Complaint, summons, or any process in his individual capacity. [Dr. Stockman] has never seen the complaint and had no

knowledge whatsoever that he had been named or defaulted as a personal defendant until collection efforts began in April 2026." [Motion, ECF No. 5, PageID.69 (emphasis in original)] These representations are patently untrue and belied by the record:

- Dr. Stockman was served with the Third-Party Complaint, confirmed by the acknowledgement executed by his attorney, Mark Merlanti, on June 20, 2023. (Ex. 4, Acknowledgment).

- Dr. Stockman answered the Third-Party Complaint on July 14, 2023.

- Dr. Stockman personally appeared at the hearing on March 31, 2025, and discharged his counsel, representing to the Court that he would appear pro se going forward, and could be served and contacted by email at Dstockma4@icloud.com.

- On May 7, 2025, the court entered the order allowing Dr. Stockman's attorney to withdraw and for him to procced pro se and to be contacted by email at Dstockma4@icloud.com. (Ex. 7, Order Allowing Withdrawal of Counsel)

- On May 23, 2025, the court entered a Final Judgment awarding an additional $24,841.75 in attorney fees, jointly and severally against

Dr. Stockman and MHC. (Ex. 3). The Court emailed the Final

Judgment to Dr. Stockman at Dstockma4@icloud.com, as allowed

under the May 7, 2025 Order. (Ex. 7)

Dr. Stockman is a vexatious litigant, routinely filing removals to this Federal

Court in attempt to delay collections on judgements against him and his various

companies. This removal is at least Dr. Stockman's *fifth* improper removal. See e.g.

U.S. District Court Case No. 25-CV-11865-TLL-PTM (Remand by Judge Ludington

on August 5, 2025 for lack of subject matter diversity or diversity); *Bush v. Stockman*,

Case No. 25-CV-12659-GAD-PTM (E.D. Mich., 2025) (Remanded by Judge Drain

on 9/30/2025 for second improper removal that lacked federal question or diversity,

holding also that if Dr. Stockman "continues to improperly remove the state court

action to this Court, he will be declared a harassing and vexatious litigant subject to

significant prefiling restrictions and monetary penalties.") (Ex. 5, Order, ECF No.

33, PageID.1031); and *Sensus Healthcare, Inc v. Michigan Health Clinics, PC*, No. 25-

13515, 2026 WL 1283762 (E.D. Mich., May 8, 2026) (Remand by Judge Behm on

5/8/2026 of Dr. David Stockman's notice of removal from state court filed on behalf

of MHC and holding that "Defendant lacked an objectively reasonable basis for the

removal because Dr. Stockman impermissibly removed the matter pro se on behalf

of corporation.") (Ex. 6, Order, 2026 WL 1283762 (E.D. Mich., May 8, 2026)).

Dr. Nasir requests immediate remand and an award of his costs and attorney fees.

## ARGUMENT

### I.   Remand is required because Dr. Stockman is a Third-Party Defendant.

It is "well-settled that third-party defendants (i.e., those joined by defendant, rather than by plaintiff) cannot remove actions to federal court." *Life Skills Village, PLLC v. Auto-Owners Ins Co*, 16 F. Supp. 3d 872 (E.D. Mich., 2014). Dr. Stockman is a Third-Party Defendant in the Genesee Circuit Court action. His attempted removal is improper and remand is required.

### II.   Remand is required because the Court lacks subject matter jurisdiction.

If the federal court lacks subject-matter jurisdiction (for example, no federal question, incomplete diversity, insufficient amount in controversy, or another jurisdictional defect), the court must remand it to state court.

Under Federal Rule of Civil Procedure 12(h)(3), if the "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Houston v. Garland*, No. 2:22-cv-13036, 2023 WL 3212335, at *2 (E.D. Mich. May 2, 2023), aff'd, No. 23-1530, 2024 WL 1925936 (6th Cir. Jan. 26, 2024). Although the Court should remain mindful that pro se complaints are to be construed liberally, pro

se complaints "must still satisfy the subject matter jurisdiction requirement." *Lopez v. Benson*, No. 2:24-cv-10916, 2024 WL 3740115, at *1 (E.D. Mich. June 6, 2024).

A claim falls within original jurisdiction under § 1331 only in those cases in which a well-pleaded complaint establishes either (1) that federal law creates the cause of action, or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544 (2006). If neither condition is met, the federal court lacks subject matter jurisdiction. A defendant may remove only when the federal question appears on the face of the plaintiff's "well-pleaded" complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 86, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

There is no diversity. All parties are citizens of Michigan. And there are no federal questions. 28 U.S.C. § 1447(c). Here, the original complaint filed by Dr. Stockman on behalf of his entity, MHC, raised four state law claims and no basis for federal question subject matter jurisdiction. (Ex. 1, Complaint).  Dr. Stockman chose to file in state court. Dr. Nasir's Third-Party Complaint against Dr. Stockman similarly raised only state law claims. (Ex. 2, Third-Party Complaint).

Dr. Stockman's attempt to establish federal jurisdiction, because he filed for bankruptcy during the pendency of the underlying case, which was then dismissed because he incorrectly filed the pleadings, is without merit.  A federal court must

have jurisdiction under § 1334 for the removal to be valid, which means the case must fall within one of the three categories of bankruptcy jurisdiction: "arising under," "arising in," or "related to" a bankruptcy case 28 USCA § 1452, 28 USCA § 1334. Dr. Stockman has not satisfied the required elements for removal.

### III.   Remand is required because the removal was untimely.

A removing defendant must comply with the procedural requirements found in 28 U.S.C. § 1446. One of those requirements is that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt" of the "initial pleading" in that action, "or within 30 days after the service of summons upon the defendant[,] ... whichever period is shorter." *Enbridge Energy, LP v. Nessel on behalf of Michigan*, --- U.S. ---, --, 146 S. Ct. 1074, 1079-80 (2026) (quoting 28 U.S.C. § 1446(b)). The 30-day removal deadline is not jurisdictional, the Court must treat the deadline "as mandatory," and enforce it. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017).

Here, Dr. Nasir failed to remove within 30 days of his receipt of the Third-Party Complaint. Dr. Stockman's counsel of record, Mark Merlanti, was served with the Third-Party Complaint, confirmed by the acknowledgement of service executed on June 20, 2023. (Ex. 4, Acknowledgment). Fed.R.Civ.P. 4(e)(1)(C) provides that an individual may be served by delivering a copy "to an agent authorized by

appointment or by law to receive service of process." Dr. Stockman answered the

Third-Party Complaint on July 14, 2023, further confirming his receipt.

Dr. Stockman's removal was not filed within 30 days of June 20, 2023, thereby

requiring its immediate remand to Genesse Circuit Court.

### IV. Costs and fees should be awarded to Dr. Nasir for having to file this remand.

Dr. Stockman lacked a reasonable basis to file this removal. Dr. Nasir is entitled

to attorney fees and costs under 28 U.S.C. § 1447(c).

### CONCLUSION

For all the above reasons, Dr. Nasir requests immediate remand to the Genessee

Circuit Court and an award of costs and fees.

Respectfully submitted,

By: /s/ Brad A. Danek
Brad A. Danek  (P72098)
Brooks Wilkins Sharkey & Turco, PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
248-971-1717; 248-971-1801 – Facsimile
Dated:  June 9, 2026    danek@bwst-law.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.  I further certify that on June 9, 2026, I served the foregoing paper on Dr. David Stockman and Michigan Health Clinics, P.C., by email to Dstockma4@icloud.com, and by U.S. mail to 3871 Fortune Blvd, Saginaw, MI 48603.

By: /s/ Brad A. Danek
Brad A. Danek  (P72098)
Brooks Wilkins Sharkey & Turco, PLLC
401 S. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
248-971-1717; 248-971-1801 – Facsimile
danek@bwst-law.com