# EXHIBIT 3

# STATE OF MICHIGAN
## IN THE 7TH CIRCUIT COURT FOR GENESEE COUNTY

MICHIGAN HEALTH CLINICS, P.C.,                    Case No.: 23-118989-CB

    Plaintiff

-v-                                               Judge Brian S. Pickell
                                                  (P-57411)
DR. WASIM NASIR and DERMATOLOGY &
COSMETIC CENTER, PLLC, jointly and
severally,

    Defendants,

and

DR. WASIM NASIR,

    Counter-Plaintiff,

-v-

MICHIGAN HEALTH CLINICS, P.C.,

    Counter-Defendant,

and

DR. WASIM NASIR,

    Counter-Plaintiff,

-v-

DR. DAVID STOCKMAN,

    Third-Party Defendant.

---

JIM KELLY LAW, PC                         BROOKS WILKINS SHARKEY & TURCO PLLC
James J. Kelly (P-72111)                  Brad A. Danek (P-72098)
30300 Northwestern Highway                401 South Old Woodward
Suite 324                                 Suite 400
Farmington Hills, Michigan 48334          Birmingham, Michigan 48009
248-449-4444                              Phone: 248-971-1800
Jim@JimKelly Law.com                      Fax: 248-971-1801
*Attorney for Michigan Health Clinics and Dr. Stockman*   danek@bwst-law.com
                                          *Attorneys for Dr. Nasir and Dermatology & Cosmetic Center*

---

1

## ORDER RESOLVING COUNTER-PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND ENTRY OF FINAL JUDGMENT

### BACKGROUND/INTRODUCTION

On March 10, 2025, this Court issued a written order granting a written renewed motion of Counter-Plaintiff Dr. Wasim Nasir (hereinafter "Dr. Nasir") for default and default judgment against Counter-Defendant Michigan Health Clinics, P.C. (hereinafter "Michigan Health Clinics") and Third-Party Defendant Dr. David Stockman (hereinafter "Dr. Stockman") and awarding reasonable statutory attorneys' fees and costs in favor of Dr. Nasir and against Michigan Health Clinics and Dr. Stockman.

On March 17, 2025, Dr. Nasir, by and through his counsel (Brad Danek), filed with the Court his written "Application for Attorneys' Fees and Entry of Final Judgment" and brief in support thereof dated March 14, 2025 (hereinafter collectively "the application"). In the application, Dr. Nasir requests $32,337 in attorneys' fees and $482.25 in costs.

On March 27, 2025, Michigan Health Clinics and Dr. Stockman, by and through their counsel (James Kelly), filed with the Court their written response in opposition to the application and brief in support thereof dated March 25, 2025 (hereinafter collectively "the response"). Michigan Health Clinics and Dr. Stockman argue essentially that the attorneys' fees requested by Dr. Nasir are unreasonably high as the subject matter of the case was not complex and no novel questions of law were presented. Thus, Plaintiff requests that the Court award attorneys' fees in the amount of $15,000, which accounts for fewer hours of work at an hourly rate for an attorney below Mr. Danek's position.

On March 31, 2025, the Court held a hearing for oral argument on the application. The Court rules on the application below based upon the respective facts, law, statements, and arguments that the parties fully set forth in the application and response and at the hearing.

2

## COURT'S RULING

The Court agrees with Dr. Nasir that the number of respective hours expended by the three attorneys at issue here are reasonable. In contrast, the Court agrees with Michigan Health Clinics and Dr. Stockman that, in this instance, attorneys' fees in the amount of $32,337 are excessive and unreasonable. As such, the Court finds that, for reasons identified in the response, a downward deviation in the hourly rate charged by two of the three attorneys is justified. As a result, the Court awards attorneys' fees to Dr. Nasir in the amount of $24,359.50 [$23,292.50 (84.7 hours x $275/hour) + $875 (3.5 hours x $250/hour) + $192 (1.2 hours x $160/hour)]. Additionally, the Court grants Dr. Nasir's request for $482.25 in costs in full.

Regarding Dr. Nasir's request for a final judgment, the Court heard arguments from both Dr. Nasir and Dr. Stockman. While the Court appreciates Dr. Stockman's position, the Court agrees with Dr. Nasir that Dr. Stockman cannot continue to cycle through attorneys. The turnover rate of attorneys on Dr. Stockman's behalf is delaying a resolution in this case. Further, during the hearing, Dr. Stockman made a request to the Court for it to allow him to submit additional filings himself to support his assertion that Dr. Nasir had been previously paid. However, by allowing Dr. Stockman to submit his own filings, the Court would be allowing him to act as legal counsel on behalf of his corporation (i.e., Michigan Health Clinics). As the Court explained at the hearing, a corporation can appear only by attorney regardless of whether it is interested in its own corporate capacity or a fiduciary capacity. *Peters Prod, Inc v Desnick Broadcasting Co*, 171 Mich App 283, 287 (1988). Therefore, Dr. Stockman's request that the Court allow him to submit additional filings is denied.

In view of the above, the application is, therefore, **GRANTED IN PART/DENIED IN PART**. More specifically, the application is **GRANTED** to the extent that the Court grants costs

3

in the amount of $482.25 and attorney fees to Dr. Nasir and enters a final judgment for Dr. Nasir and against Michigan Health Clinics and Dr. Stockman in this matter.  However, the application is **DENIED** to the extent that the Court grants such attorney fees in the amount of $24,359.50 (rather than $32,337 as requested by Dr. Nasir).

The Court does not award costs or fees to any of the parties other than those identified above.

This is a final order, and the case is closed.

**IT IS HEREBY RESPECTFULLY SO ORDERED.**

May 23, 2025

Judge Brian S. Pickell (P-57411)

cc: Counsel of Record
    Court File

4