**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MICHIGAN HEALTH CLINICS, P.C.,

Plaintiff,

v.

Case No. 1:26-cv-11557
District Judge Michael C. Martin

WASIM NASIR, et al.,

Defendants.

---

# ORDER GRANTING DEFENDANT'S MOTION TO REMAND (ECF No. 7), DENYING AS MOOT THIRD PARTY DEFENDANT'S MOTIONS (ECF Nos. 5, 10, 13, 15), DENYING AS MOOT MHC'S MOTION FOR WITHDRAWAL OF ATTORNEY (ECF No. 6), AND AWARDING ATTORNEYS' FEES AND COSTS

## I. INTRODUCTION

This action originated in Genessee County Circuit Court and was removed to this Court on May 8, 2026, by third-party pro se Defendant David Stockman, M.D. (ECF No. 1.) Stockman is the owner of Michigan Health Clinics, P.C. ("MHC"). (ECF No. 7, PageID.99.) MHC previously employed Defendant Wasim Nasir as a part-time dermatologist. (*Id.* at PageID.104.) Nasir resigned from MHC in January 2023. (*Id.*) After Nasir's resignation, MHC filed suit against Nasir and Dermatology and Cosmetic Center, P.L.L.C. in Genesee County Circuit Court alleging it was owed $4,458 in wage overpayments. (*Id.*) Nasir filed a

countercomplaint against MHC and Stockman, in which he alleges that MHC failed to pay wages pursuant to his employment contract. (*Id.*) The Genesee County Circuit Court entered a default judgment against MHC and Stockman on February 10, 2025. (*Id.*) On May 8, 2026, Stockman filed a notice of removal in this Court. (ECF No. 1.) Nasir moved to remand this case to the Genessee County Circuit Court pursuant to 28 U.S.C. § 1447. (ECF No. 7.)

Because removal of this action is improper and this Court lacks subject matter jurisdiction, the Court will grant Nasir's motion to remand, remand this case to the Genesee County Circuit Court, deny as moot Stockman's pending motions, and award costs and attorneys' fees for the improper removal.

## II. ANALYSIS

Stockman is not a defendant who can remove this action under the statute. Title 28 U.S.C. § 1441(a) permits removal of state court actions by "the defendant or the defendants." "[A] third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 444 (2019). Because Stockman was added as a third-party counterclaim defendant, he cannot remove this action.

Even ignoring Stockman's improper removal, this Court lacks subject matter jurisdiction over the underlying litigation. The removing party bears the burden of proving the federal court has subject matter jurisdiction. *Rogers v. Wal-Mart*

*Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). "In evaluating the asserted grounds for removal, a district court is not limited to the factual allegations in the complaint." *Lindner v. Lindner*, 835 F. Supp. 3d 873, 881 (S.D. Ohio 2026) (citing *Bennett v. MIS Corp.*, 607 F.3d 1076, 1087 n.11 (6th Cir. 2010)). In this case, there is no basis for federal subject matter jurisdiction.

In the notice of removal, Stockman cites two bases for federal subject matter jurisdiction: 28 U.S.C. § 1334(b) and 28 U.S.C. § 1331. Neither is correct. Section 1334(b) provides that the "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Title 11 (11 U.S.C. § 101, *et seq.*) governs bankruptcy. This case does not involve bankruptcy. Both MHC's claims against Nasir in the operative complaint and Nasir's counterclaims against Stockman are state breach of contract or tortious interference claims emanating from alleged failure to pay wages. (ECF No. 7-2, PageID.115–124; ECF No. 7-3, PageID.153–159.) Alternatively, Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, as mentioned, there is no federal question present in the underlying litigation—the claims sound entirely in state breach of contract and tortious interference.

Finally, although Stockman does not cite the diversity statute, this Court also lacks subject matter jurisdiction under 28 U.S.C. § 1332. Section 1332 provides that district courts shall have original jurisdiction where a matter in controversy exceeds the sum or value of $75,000, and the matter is between citizens of different states. Here, all parties appear to be citizens of Michigan, and Stockman has not offered anything to suggest that the parties are diverse. (ECF No. 7-2, PageID.115–116; ECF No. 7-3, PageID.153; ECF No. 1, PageID.5.) Thus, the Court concludes the parties are not diverse, and this Court lacks subject matter jurisdiction. Because this Court lacks subject matter jurisdiction, the Court denies as moot Stockman's pending motions.

Next, Nasir seeks attorneys' fees and costs under 28 U.S.C. 1447(c) for having to file a motion to remand. "District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). "[F]ee awards are appropriate 'only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 1059 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Here, there was no objectively reasonable basis for Stockman's removal. As Nasir's motion explains, Stockman has frequently tried to remove cases to federal court despite lack of subject matter jurisdiction. *See, e.g.*, *Bush v. Stockman*, No.

25-cv-12659 (E.D. Mich. 2026) (holding removal improper); *Bush v. Stockman*, No. 25-cv-11865 (E.D. Mich. 2025) (remanding for lack of subject matter jurisdiction); *Sensus Healthcare, Inc v. Michigan Health Clinics, PC*, No. 25-13515, 2026 WL 1283762 (E.D. Mich. May 8, 2026) (holding Stockman "lacked an objectively reasonable basis for the removal). Since filing the present notice of removal, Stockman has also been enjoined "from commencing any new action in this court, including by filing a notice of removal, without first obtaining leave of court." *Bush v. Stockman*, No. 1:25-cv-13417, ECF No. 12, PageID.275. Given Stockman's repeated frivolous efforts at removal and this Court's prior warnings about frivolous removal attempts, the Court finds it appropriate to award attorneys' fees and costs associated with Nasir's motion to remand.

Finally, the Court will also deny as moot MHC's Motion for Withdrawal of Attorney James K. Kelly. (ECF No. 6.) MCH states that prior to removal, the Genessee Circuit Court had entered an order allowing the withdrawal of Attorney Kelly in this lawsuit. (ECF No. 6.) Thus, he should not have remained as counsel subsequent to the removal. Because the Court will be remanding this action to state court, this issue is now moot and the motion will be denied as such.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Nasir's Motion to Remand. (ECF No. 7.)

Further, the Court DENIES AS MOOT Stockman's pending motions. (ECF Nos. 5, 10, 13, 15).

Further, the Court DENIES AS MOOT MHC's Motion for Withdrawal of James K. Kelly. (ECF No. 6.)

Counsel for Nasir shall file a Petition for Attorneys' Fees and Costs with supporting documentation no later than **December 21, 2026**. Stockman shall file a response no later than **January 11, 2027**. A reply may be filed no later than **January 27, 2027**.

This cause of action is REMANDED to the Genesee County Circuit Court.

s/Michael C. Martin
Hon. Michael C. Martin
United States District Judge

Dated: November 19, 2026